UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>                               Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE; CAPTAIN BUCHANAN; CAPTAIN HAYES,<br><br>                               Defendants. | Case No.:  21cv810-LL (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; [ECF NO. 7]**<br><br>**(2) GRANTING SPECIALLY APPEARING DEFENDANTS ERRONEOUSLY LISTED AS CAPTAIN BUCHANAN AND CAPTAIN HAYES'S MOTION TO QUASH; [ECF NO. 9]**<br><br>**(3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; [ECF NO. 11]** |

Dion Scott Buckelew ("Plaintiff"), a California prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Sheriff William D. Gore, Captain Buchanan, and Captain Hayes (collectively, "Defendants").  ECF No. 4.  Plaintiff alleges that

1

Defendants violated his constitutional rights while he was at San Diego Central Jail on several occasions. Before the Court are several motions, which will be addressed in turn below.

## I. BACKGROUND

Plaintiff's allegations in his amended complaint center around two separate Counts.[1] ECF No. 4.

First, Plaintiff argues that Defendants violated his rights to freedom of religion, freedom of association, and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). ECF No. 4 at 3. Specifically, Plaintiff alleges that starting from March 15, 2020, Defendants have denied him access to church services, denied communion, and denied pastor/chaplain services. *Id.* Plaintiff alleges that such denials during the Covid-19 pandemic have severely burdened his religious beliefs, and caused him to suffer mental and physical damage. *Id.* Plaintiff alleges that these denials were all due to policies and procedures implemented and carried out by Defendants. *Id.*

Second, Plaintiff alleges that Defendants violated his rights to be "free from infectious diseases," from cruel and unusual punishment, and to medical care by implementing and carrying out Covid-19 protocols that resulted in Plaintiff contracting the virus around December 16, 2020. *Id.* at 4. Plaintiff further alleges that after contracting the virus, he was not given proper and adequate medical and mental health

---

[1] Plaintiff's amended complaint includes a third count, where he alleges that Defendants violated his rights to medical care, from cruel and unusual punishment, and from a "clean and safe environment" by specifically implementing and carrying out procedures that allowed an inmate to be transferred out of Plaintiff's housing module (8-C) on August 22, 2020 for inciting racial tensions and permitting the same inmate to be transferred back on February 7, 2021. *Id.* at 5. Upon return, Plaintiff alleges that this inmate, along with 2-3 others, attacked Plaintiff, causing his physical injury including abrasions, a bloody nose, black eye, fat lip, possibly a broken nose and broken jaw, and various mental injuries. *Id.* However, on screening, the Court discussed his claim against Defendants Gore, Buchanan, and Hayes as insufficient to state a claim for relief that was plausible on its face. ECF No. 5 at 8-9. Thus, this claim has already been dismissed from this case.

1 treatment, and was only given an inhaler and told to "drink water." *Id.* Plaintiff alleges
2 that he suffered from various physical ailments as a result of contracting the virus. *Id.*

## II.    MOTION TO DISMISS [ECF No. 7]

The first motion before the Court is Defendants' motion to dismiss filed by Defendant William D. Gore and joined by specially appearing Defendants Captain Buchanan and Captain Hayes. ECF Nos. 7, 9.

### A.    Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

In addition, factual allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *pro se* in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B.  Claim 1: Access to Religious Services

Plaintiff's first claim alleges that he has been denied access to various religious services since March 15, 2020. ECF No. 4 at 3. He alleges that Sheriff Gore and Captains Buchanan and Hayes denied him such services, and that they have also implemented and carried out procedures and policies that caused these alleged violations. *Id.*

Plaintiff alleges violation of both his First Amendment right to freedom of religion and also under RLUIPA. In order to state a First Amendment free exercise claim, Plaintiff must "show that the government action in question substantially burdens the person's practice of [their] religion." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal citations, quotation marks, and alterations omitted). *Jones* defines "substantial burden" as one which "places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressures on an adherent to modify his behavior and to violate his beliefs." *Id.*

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability" absent a showing that the burden imposed is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering . . . that interest." 42 U.S.C. § 2000cc-1(a); *see also Khatib v. County of Orange*, 639 F.3d 898, 904-05 (9th Cir. 2011) (concluding that RLUIPA applies to county jail facilities). "RLUIPA provides more 'expansive

protection' for inmates' 'religious liberty' than the First Amendment." *Phillips v. County of Riverside*, 2020 WL 6203574 (C.D. Cal. Oct. 22, 2020) (*citing Holt v. Hobbs*, 574 U.S. 352, 358 (2015) and *Shakur v. Shiriro*, 514 F.3d 878, 888 (9th Cir. 2008).) A "'substantial burden'" sufficient to state a RLUIPA claim is a "'significantly great restriction or onus upon [religious] exercise.'" *Hartmann*, 707 F.3d at 1124-25 (*quoting San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1039 (9th Cir. 2004)).

Here, Plaintiff has alleged that since March 15, 2020 through the time he filed his complaint, he has essentially been deprived of all access to "church services for congregation, seeking counsel, encouragement, direction, worship, prayer and ministry." ECF No. 4 at 3. Additionally, he has been denied communion and "pastor or chaplain for prayer, ministry, counseling, awareness, bible study, direction, hope and love of god . . . ." *Id.* These allegations, if taken as true as required on a motion to dismiss, sufficiently state a deprivation of access to religious services that constitutes a significant burden under the First Amendment and RLUIPA.

Defendant Sheriff Gore argues in the motion to dismiss that his individual capacity claim should be dismissed because Plaintiff has not alleged any personal participation by him. ECF No. 7 at 3. Gore argues that he is a supervisor and there needs to be allegations that he directed the defendant deputies or that he had actual contact with Plaintiff. *Id.* However, Plaintiff states in his complaint that "Sheriff William D. Gore, Captain Buchanan and Captain Hayes violated my 1st amendment right to religion and [RLUIPA]" by depriving him of various religious services. ECF No. 4 at 3. Construing this allegation liberally and affording Plaintiff benefit of the doubt as a *pro se* litigant, this alleges personal involvement by Sheriff Gore in actual deprivation of his rights. In addition, Plaintiff alleges that the violations were "due to policies and procedures implemented and carried out by Sheriff Gore, Captain Hayes and Captain Buchanan." *Id.* Thus, the Court concludes that these arguments are insufficient to show failure to state on claim for these reasons.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss this claim be **DENIED** as to Sheriff Gore, Captain Buchanan, and Captain Hayes.

### C. Claim 2: Covid-19 Policies and Procedures

Plaintiff's second claim centers around his allegations that he contracted Covid-19 due to the policies and procedures that Sheriff Gore and Captains Buchanan and Hayes implemented. ECF No. 4 at 4.

Because Plaintiff was a pretrial detainee, this claim must be analyzed under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Such detainees have a "right to adequate food, shelter, clothing, and medical care." *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982).

To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon*, 888 F.3d at 1125. Courts borrow from Eighth Amendment principles in determining the care to be afforded pretrial detainees. *Pobursky v. Madera Cnty.*, No. 107-CV-0611 AWI DLB, 2007 WL 4557090, at *8 (E.D. Cal. Dec. 21, 2007).

Since the Covid-19 pandemic, many district courts within the Ninth Circuit have addressed similar claims related to the virus. *See, e.g., Cedillos v. Youngblood*, No. 121CV00138DADBAMPC, 2021 WL 2534534, at *4 (E.D. Cal. June 21, 2021), report and recommendation adopted, No. 121CV00138DADBAMPC, 2021 WL 3032688 (E.D.

Cal. July 19, 2021). Many courts have found that Covid-19 does pose a substantial risk of serious harm. *Id.* (citing *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020)). However, Plaintiff must state more than "generalized allegations that [Defendants] have not done enough to control the spread." *Id.* Rather, Plaintiff must "specifically identify a defendant's challenged conduct, explain how such conduct is unreasonable under the circumstances, and describe how such conduct harmed Plaintiff." *Id.*

For example, "generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19" is not sufficient to state a claim. *McKissick v. Gastelo*, No. 221CV01945VAPMAA, 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021); *see also Cedillos*, 2021 WL 2534534, at *2, *4 (no cognizable claim based on allegations that inmates were not being quarantined, cells and showers were not disinfected after contamination, inmates who tested positive were rotated, living quarters were dirty, and showers have discarded and soiled personal products). In contrast, in *Jones v. Sherman*, the Court found sufficient details to state a claim where plaintiff alleged that he was housed in a facility that turned into a quarantine, causing him to be infected, and he was housed with seven other inmates without any social distancing procedures. No. 121CV01093DADEPGPC, 2022 WL 783452, at *2, 8 (E.D. Cal. Mar. 11, 2022).

Here, while Plaintiff does list his complaints—including policies that alleged allowed inmate to inmate transfers, insufficient quarantine time, insufficient soap and other hygiene items, insufficient cleaning supplies, insufficient social distancing, insufficient coping mechanisms, and not releasing low level offenders—these do not amount to more than generalized allegations that inadequate Covid-19 procedures were followed. Listing more of such generalized allegations, without more specific allegations that explain how Defendants subjected Plaintiff to a substantial risk of serious harm, does not sufficiently state a claim. *See McKissick*, 2021 WL 2895679, at *5; *Cedillos*, 2021 WL 2534534, at *2, *4.

Moreover, Plaintiff does not explain how each Defendant was specifically responsible for any of the alleged failures, which fails to specify the required causal link between each Defendant's actions and the claimed constitutional violation. *McKissick*, 2021 WL 2895679, at *5. Rather, just like in *McKissick*, Plaintiff clumps the three named defendants together, only generically stating that they implemented and carried out the policies and procedures he complains about. *Id.*

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss this claim be **GRANTED** and this claim be **DISMISSED WITH LEAVE TO AMEND**.[2]

### III.   MOTION TO QUASH SERVICE

The second motion before the Court is a motion to quash service under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) by specially appearing Defendants Captain Buchanan and Captain Hayes. ECF No. 9.

Defendants argue that the U.S. Marshals served a copy of the summons, listing Sheriff Gore only, on a paralegal, Christine Lawyer, at the Sheriff's department at the Ridgehaven Court location of the Sheriff's office. ECF No. 9-1 at 2. U.S. Marshals did not serve a summons listing the other defendants. *Id.* Ms. Lawyer states that the Marshals did not mention attempting service on anyone else, and that she was only able to accept service on behalf of Sheriff Gore. ECF No. 9-2 at ¶¶ 2, 3.

Under Federal Rule of Civil Procedure 12(b)(4), Defendants may challenge the sufficiency of process, and under Rule 12(b)(5), Defendants may challenge sufficiency of service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that

---

[2] This claim also references actions by Dr. Jon Montgomery. ECF No. 4 at 4. However, he was dismissed on screening of the First Amended Complaint already. ECF No. 5.

should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

In a prisoner § 1983 action where the Plaintiff has been granted IFP status, as Plaintiff has here, Federal Rule of Civil Procedure 4(c)(2)(B)(i) entitles plaintiff to service by the U.S. Marshal and 28 U.S.C. § 1915(c) states that "officers of the court shall issue and serve all process." "An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

When Plaintiff was granted IFP status, the Clerk of the Court issued an amended summons, listing all the Defendants, and provided Plaintiff with an IFP packet, which included 4 copies of the summons, 5 copies of the amended complaint, 4 copies, of the IFP order, and 3 U.S. Marshal Service (USM-285) forms. ECF Nos. 6, 6-1. The instructions alerted Plaintiff that he must fill out and return the USM-285 forms, and must fill out one for each Defendant listed on the summons. ECF No. 6-1.

The Proof of Service from the U.S. Marshals shows only one USM-285 form. ECF No. 8. It appears that Plaintiff filled out one form, but included all defendants on that form. Plaintiff did fill out that the "Number of parties to be served in this case" is "3" and in the "Defendant" field, he listed "William D. Gore (Sheriff), Capt. Buchanan, Capt. Hayes." *Id.* In the "Name of Individual . . . to serve," Plaintiff again listed "S.D. Sheriff William D. Gore, Capt. Buchanan, Capt. Hayes" and listed the address as the

Ridgehaven Court location. *Id.* This form was signed by the U.S. Marshal who effected service.

According to Ms. Lawyer from the Sheriff's Office, the U.S. Marshal came to her office and only served one copy of the summons and amended complaint. ECF No. 9-1 at ¶ 2. The summons was directed to Sheriff Gore. *Id.* at 4. Ms. Lawyer also declares that she is not authorized to accept service on behalf of the captains and that Captain Hayes does not work at the Sheriff's department. *Id.* at ¶ 3.

Under Federal Rule of Civil Procedure 4, a summons must name the court and the parties and be directed to the defendant. Fed. R. Civ. P. 4(a). If there are multiple defendants, a summons or copy of a summons that is addressed to multiple defendants must be issued for each defendant to be served. Fed. R. Civ. P. 4(b). An individual may be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, it appears that Rule 4 was not strictly followed. No individual summons was presented for Captains Buchanan and Hayes, and it appears only one copy of the complaint was presented. However, it also appears that Plaintiff was not notified of this issue by the U.S. Marshals, who were charged with effecting service due to his IFP status. It is true that Plaintiff did not separately fill out a USM-285 form for each Defendant. However, the proof of service form lists all three defendants in several places, states that 3 defendants were requested to be served, and was signed by a U.S. Marshal as completed. Nothing on the form would have indicated to Plaintiff that there was an issue with service.

Here, Plaintiff did make a technical mistake in not filling out the USM-285 for each Defendant and instead filling out one and listing all three defendants on it. However, he was not made aware of the issue and the proof of service form could

reasonably be interpreted to state that all three defendants listed were served.  In such situations, where an IFP plaintiff relies on the U.S. Marshals to affect service, "courts recognize that the Plaintiff's claims should not be subject to dismissal, but instead that measures be taken to either re-issue summons and re-authorize service by the officers of the Court, or ask the defendant to waive the insufficient service issues and agree to waiver of service of summons under Federal Rule of Civil Procedure 4(d)." *Cordova v. Cuendiz*, No. 4:20-CV-1198-O, 2021 WL 5323762, at *3 (N.D. Tex. Nov. 16, 2021); *see Kaminsky v. Wake Forest Univ. Baptist Med. Center*, No. 1:08-cv-882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) ("[T]he court remains under a duty to assist Plaintiff with regard to service of process in view of his pro se status and the granting of leave to proceed in forma pauperis.  Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all Defendants properly before the Court in accordance with Rule 4(c)(3)").

Thus, the Court **RECOMMENDS** that the motion to quash service on Captain Buchanan and Captain Hayes be **DENIED** but that Plaintiff and the Marshals are given an additional 60 days to properly effect service.  Plaintiff shall fill out the USM-285 separately for each of Captains Buchanan and Hayes, and return them to the U.S. Marshals to complete service.

### IV.   MOTION TO SUMMARY JUDGMENT

The final motion before the Court is a combined motion filed by Plaintiff, which appears to be a Motion to Appoint Counsel, Opposition to Defendants' Motion to Dismiss, and a Motion for Summary Judgement.[3]  ECF No. 11.

Defendants filed an Objection to the Motion for Summary Judgment portion of this filing.  ECF No. 16.  Defendants object because the motion is untimely, and Plaintiff

---

[3] The Court will address the motion to appoint counsel in a separate order.

failed to follow rules in filing the motion, including getting a motion date, serving a copy on Defendants, or the required elements of a motion for summary judgment. *Id.* at 2-3. In addition, Defendants object that the motion does not include the actual evidence that is referenced in the motion for summary judgment. *Id.* at 3. Moreover, the motion for summary judgment includes arguments regarding incidents that are not in the operative complaint. *Id.*

The Court agrees with Defendants regarding the deficiencies on the motion for summary judgment. Thus, the Court **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED WITHOUT PREJUDICE**. Plaintiff may file a renewed motion for summary judgment, following the procedural rules and with actual evidence he relies upon for the motion.

## V.   CONCLUSION

As outlined herein, the undersigned recommends as follows:

a) Plaintiff's claim under the 14th Amendment for cruel and unusual punishment be **DISMISSED WITH LEAVE TO AMEND**. Defendants' motion to dismiss be **DENIED** otherwise.

b) Defendants' motion to quash service for Defendants Captain Buchanan and Captain Hayes be **DENIED**. However, Plaintiff must perfect service on these two Defendants within 60 days.

c) Plaintiff's motion for summary judgment be **DENIED WITHOUT PREJUDICE**.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **August 15, 2021**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **August 22, 2021.**

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 1, 2022

Hon. Nita L. Stormes
United States Magistrate Judge