UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>         Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE; CAPTAIN BUCHANAN; CAPTAIN HAYES,<br><br>         Defendants. | Case No.: 21cv810-LL-NLS<br><br>**ORDER MODIFYING IN PART AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**[ECF No. 35]** |

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge [ECF No. 35], recommending that the Court grant in-part and deny in-part Defendant Gore's Motion to Dismiss Plaintiff's first amended complaint ("FAC") [ECF No. 7], deny the Motion to Quash and Dismiss filed by specially appearing defendants erroneously listed as Captain Buchanan and Captain Hayes [ECF No. 9], and deny Plaintiff's Motion for Summary Judgment [ECF No. 11].

## I. BACKGROUND

Plaintiff Dion Scott Buckelew, a prisoner proceeding pro se and in forma pauperis, filed this action bringing claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. § 1983 against Sherriff William D. Gore, Captain Buchanan, and Captain Hayes (collectively, "Defendants")

regarding events that occurred in 2021 and 2022 while held in pretrial detention at the San Diego Central Jail. Plaintiff is currently housed in the Los Angeles County State Prison.

As alleged in the FAC, Plaintiff brings claims for: (1) restrictions of his religious exercise in violation of RLUIPA and the First Amendment; (2) failure to prevent him from contracting Coronavirus disease 2019 ("COVID-19") in violation of the Eighth Amendment right to medical care and to be free from cruel and unusual punishment; and (3) failure to prevent a physical attack against him in violation of the Eighth Amendment. ECF No. 4 at 3-5.

The FAC alleges that, beginning approximately on March 15, 2020, Defendants denied Plaintiff access to church services, communion, and pastor/chaplain services, severely burdening his religious beliefs and causing him to suffer ongoing spiritual, emotional, mental, and physical harm. ECF No. 4 at 3. It also alleges that Defendants implemented insufficient policies and procedures related to the COVID-19 pandemic that caused Plaintiff to contract COVID-19, that he was provided inadequate medical care after being infected, and that, as a result, he continues to suffer ongoing adverse health symptoms. *Id.* at 4. Lastly, the FAC alleges that Defendants implemented insufficient policies and procedures related to inmate safety that resulted in a physical attack against Plaintiff by other inmates which caused him to sustain injuries. *Id.* at 5.

Defendant Gore filed a Motion to Dismiss the FAC in its entirety for failure to comply with Rule 8 and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No 7. Specially appearing defendants erroneously named as Captain Buchanan and Captain Hayes filed a Motion to Quash Service for defective summons under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5), and to dismiss the FAC in its entirety against them for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6), joining Gore's Motion to Dismiss the FAC. ECF No. 9.

On August 1, 2022, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant in-part and deny in-part Defendants' Motions to

1   Dismiss, deny the Motion to Quash, and deny Plaintiff's Motion for Summary Judgment.
2   ECF No. 35. The Report and Recommendation concluded that the FAC sufficiently stated
3   a religious exercise claim under RLUIPA, but that Plaintiff's section 1983 claims under
4   the Eighth Amendment failed to state a claim upon which relief may be granted, and
5   recommended that Defendant Gore's Motion to Dismiss be granted in-part and denied in-
6   part. ECF No. 35 at 4-8. The Report and Recommendation also concluded that, although
7   service upon Defendants Hayes and Buchanan was technically deficient, dismissal of the
8   action as to those defendants was unwarranted in light of Plaintiff's pro se status and the
9   Court's duty to take reasonable steps to see that service is effected upon Defendants
10  through the U.S. Marshals Service. *Id.* at 10-11.

11      Defendants filed a joint objection to the Report and Recommendation on August 15,
12  2022. ECF No. 36. Defendants contend that: (1) Plaintiff's RLUIPA claim should fail
13  because he has not alleged a sincerely held religious belief and because Defendants cannot
14  be held individually liable for RLUIPA violations; (2) Plaintiff's First Amendment claim
15  should fail because the FAC does not allege deliberate indifference by Defendants, does
16  not allege that any of the Defendants had actual or constructive knowledge that their actions
17  had any impact on religious beliefs or Plaintiff's religious beliefs, and does not allege that
18  Defendant had actual contact or personally participated in the alleged violations; (3)
19  Plaintiff's nonspecific allegations should be dismissed for failure to state a claim upon
20  which relief may be granted; and (4) Plaintiff's claims against Defendants Hayes and
21  Buchanan should be dismissed because service was deficient and Plaintiff has not
22  attempted to effect service upon or otherwise cure deficiencies in service since Defendants
23  filed their Motion to Quash. *Id.* at 2-5.

24      Plaintiff did not file any objections to the Magistrate Judge's Report and
25  Recommendation or respond to Defendants' objections. However, Plaintiff did file a
26  response to Defendants' notice that Plaintiff had failed to file an objection or notice of non-
27  opposition to the Report and Recommendation on September 6, 2022. ECF No. 42.
28  Although Plaintiff's response was filed well past the deadline for objections—August 15—

and responses to objections—August 22—set by the Report and Recommendation, the Court nevertheless considers the portions of Plaintiff's response that are relevant to Defendants' objections.

## II. LEGAL STANDARD

### A. Objection to Report and Recommendation

As set forth by 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. The district court need not conduct de novo review of any findings and recommendations to which no objections are filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Courts may, but are not required, to consider extrinsic evidence in the context of a Rule 12(b)(6) motion to dismiss. *Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (collecting cases) (noting that documents may be incorporated by reference or taken under judicial notice).

## III. DISCUSSION

Plaintiff has not filed any objections to the Report and Recommendation or responded to Defendants' objections, and none of the parties objected to the Report and Recommendation's conclusions regarding Plaintiff's section 1983 claims for violations of the Eighth Amendment related to medical care and failure to prevent a physical attack. Accordingly, the Court adopts those unobjected-to portions of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court reviews de novo those portions of the Report and Recommendation to which Defendants made specific objections below. *Reyna-Tapia*, 328 F.3d at 1121.

### A.  Objection to Recommendation to Retain RLUIPA Claim[1]

Defendants object to the conclusion of the Report and Recommendation that Plaintiff's FAC sufficiently states a RLUIPA claim because individuals "cannot be held personally liable under RLUIPA" and because Plaintiff "does not identify his sincerely held religious belief in his pleadings." ECF No. 36 at 2.

"RLUIPA protects 'institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion.'" *Saud v. Days*, 36 F.4th 949, 952 (9th Cir. 2022) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005)). To state a claim under

---

[1] Plaintiff's FAC cites to both RLUIPA and the First Amendment, via § 1983, to vindicate his religious exercise claim. Because RLUIPA and § 1983 provide separate causes of action, the Court analyzes them separately.

RLUIPA, a prisoner needs only to show that: (1) they take part in a religious exercise, and (2) the State's actions have substantially burdened that exercise. *See id.* at 953. While RLUIPA does not authorize suits for damages in their individual capacities, "if an individual acts under color of state law to burden a plaintiff's rights to religious exercise, the plaintiff can sue the government." *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). "RLUIPA defines 'government' to include a 'person acting under color of State law.'" *Florer v. Congregation Pidon Shevuyim, N.A.*, 639 F.3d 916, 921-22 (9th Cir. 2011) (quoting 42 U.S.C. § 2000cc-5(4)(A)(iii)). Accordingly, injunctive relief is available under RLUIPA so long as the claim is brought against defendants in their official capacities. *Saud*, 36 F.4th at 953 ("[I]njunctive relief, not monetary damages, is available pursuant to RLUIPA, . . . against defendants in their official capacities.") (citing *Sossamon v. Texas*, 563 U.S. 277, 287-88 (2011)).

Plaintiff brings this action against all defendants both in their individual and official capacities and seeks injunctive relief requesting that Plaintiff be able to take part in religious services. ECF No. 4 at 2, 12. Furthermore, Plaintiff alleges that he takes part in "church services for congregation, seeking counsel, encouragement, direction, worship, prayer and ministry," "communion," and consultation with a pastor or chaplain "for prayer, ministry, counseling, awareness, bible study, [and] direction," and that his inability to take part in those practices severely burdens his religious exercise. *Id.* at 3. While Plaintiff's RLUIPA claim should fail to the extent that he brings his claims for damages against Defendants in their individual capacities, Plaintiff's allegations against Defendants in their official capacities meet both elements of the RLUIPA standard articulated in *Saud*. The "exercise of religion" often includes the performance of physical acts such as those identified by the Plaintiff. *Cutter*, 544 U.S. at 720. And "an outright ban on a particular religious exercise is a substantial burden on that religious exercise." *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008). Though Defendants contend that Plaintiff failed to allege a sincerely held belief in connection with those religious exercises, they neither contend that Plaintiff's allegations are insincere or that his desire to take part in religious

exercise is motivated by non-religious reasons. As such, the Court finds that Plaintiff has sufficiently stated a claim for injunctive relief under RLUIPA. Accordingly, Defendants' objection is **OVERRULED**.

Notwithstanding the sufficiency of Plaintiff's RLUIPA allegations, his claim is now rendered moot because he has been transferred to a different facility and the parties no longer possess a legally cognizable interest in the outcome.[2] *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *Nelson v. Heiss*, 271 F.3d 891, 897 (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). In other words, the only relief available to Plaintiff under RLUIPA was to remove the alleged substantial burden on Plaintiff's religious exercise by Defendants, and Defendants are no longer in a position to impose or remove any restrictions on Plaintiff's religious exercise. Although Defendants' objection cannot be sustained, the Court **DISMISSES AS MOOT** Plaintiff's RLUIPA claim.

**B.     Objection to Recommendation to Retain First Amendment Claim**

Defendants also object to the conclusion of the Report and Recommendation that Plaintiff's FAC sufficiently states a § 1983 claim for violation of the religious exercise claim under the First Amendment because it "fails to allege any specifics facts that show Sheriff Gore, Buchanan, or Hayes had actual knowledge or were aware of any certain impact to religious beliefs caused by their actions or of any impact to Plaintiff's specific religious beliefs and needs alleged in the FAC; much less that they had 'actual contact' with Plaintiff." ECF No. 36 at 3. Defendants object that the allegation that Plaintiff's religious exercise was burdened based on "policies and procedures implemented and carried out by Sheriff Gore, Captain Hayes, and Captain Buchanan" is wholly conclusory without any factual support, and that the FAC's allegations cannot support a finding of liability because they neither identify specific policies or procedures nor actions alleged to have been taken by each individual defendant. *Id.* at 3-4.

---

[2] This is equally true for any declaratory or injunctive relief sought by Plaintiff related to his pretrial detention at San Diego Central Jail.

Section 1983 provides a method by which individuals can sue for violations of their rights, provided by the Constitution or federal statutes, by a person acting under color of state law. *See* 42 U.S.C. § 1983. "[L]ocal government officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Accordingly, local government officials may be sued in their official capacities under § 1983 for an "'action that is alleged to be unconstitutional [which] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019) (quoting *Monell*, 436 U.S. at 690). Local government officials may also be sued in their individual or personal capacities under § 1983 where it is alleged "that the official, acting under color of state law, caused the deprivation of a federal right." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (citing *Graham*, 473 U.S. at 166).

"To state a free exercise claim in the prison context: '(1) the claimant's proffered belief must be sincerely held; and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns.'" *Saud*, 36 F.4th at 957 (quoting *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015)). A plaintiff must also allege that some specific government action "substantially burdens" their practice of religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Although Plaintiff has alleged that he participates in activities that can be understood as religious exercise, he has not alleged or explained how his participation in those activities is rooted in a sincerely held religious belief.[3] Nor has Plaintiff alleged that his

---

[3] "[C]ourts may not inquire intro the truth, validity, or reasonableness of a claimant's religious beliefs," but "[i]t is nonetheless incumbent on the courts to ensure that a free exercise claim is granted only when the threatened belief is religious in nature." *Callahan v. Woods*, 658 F.3d 679, 685 (9th Cir. 1981).

claim is rooted in religious belief as opposed to a secular philosophical concern. (For example, by alleging that his understanding of his religion requires him to participate in those activities.) Because the FAC fails to allege both necessary elements of a free exercise claim as explained above, it fails to state a free exercise claim upon which relief may be granted.

Furthermore, as Defendants have argued, Plaintiff's amended complaint includes only vague and conclusory allegations that his religious exercise is burdened "due to policies and procedures implemented and carried out by Sheriff Gore, Captain Hayes and Captain Buchanan." ECF No. 4 at 3. To the extent that Plaintiff brings his free exercise claim against Defendants in their individual capacities, he has not alleged any specific acts or omissions by the Defendants which contributed to the deprivation of his free exercise rights. To the extent that Plaintiff brings his free exercise claim against Defendants in their official capacities, he has not identified a particular policy or custom, or alleged any underlying facts that would show such policy or custom caused him to be deprived of religious exercise. Even if the FAC had sufficiently stated a free exercise claim, Plaintiff's allegations are insufficient to meet the level of specificity required to state a § 1983 claim.

Accordingly, the Court **SUSTAINS** Defendants' objection regarding Plaintiff's section 1983 claim alleging violation of his right to free exercise of religion under the First Amendment. Plaintiff's § 1983 First Amendment Claim is therefore **DISMISSED**.

### C. Objection to Recommendation to Retain Unspecified Claims

Defendants object to the Report and Recommendation's failure to address the jurisdictional allegations in Plaintiff's FAC. While the FAC indicates that this Court's jurisdiction is based on "possibly 1981, 1982, 1983, and 1985, 42 U.S.C. § 2000-1(a)" [ECF No. 4 at 1], it does not contain any allegations of race-based discrimination (§ 1981), property rights (§ 1982), or allege facts suggesting a meeting of the minds to support a conspiracy claim (§ 1985). The FAC also makes reference to "other rights" [*id.* at 3-4] and "other applicable rights" [*id.* at 5] but fails to identify those rights or make any specific allegations other than those related to RLUIPA or § 1983.

Accordingly, the Court **SUSTAINS** Defendants' objection regarding Plaintiff's unsupported claims as described above. To the extent that Plaintiff is attempting to bring claims under §§ 1981, 1982, and 1985, such claims are **DISMISSED**.

### D. Objection to Recommendation to Deny Motion to Quash

Defendants object to the Report and Recommendation's conclusion that, although Captain Buchanan and Captain Hayes were not served the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, that Plaintiff should be given an additional 60 days to effect service on Hayes and Buchanan through the United States Marshals Service. Defendants Buchanan and Hayes contend that the Court lacks personal jurisdiction over them and that service should be quashed because Plaintiff did not effect either personal or substitute service upon them, and that the summons served upon Defendant Gore by the U.S. Marshals is insufficient to be construed as service on them. ECF No. 9-1.

The Court has jurisdiction over a defendant only if they have been properly served under Rule 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (citation omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Hayakawa*, 682 F.2d at 1347). Rule 4(e) provides four methods to effect service within the United States: (1) following state law for serving a summons in the state where the district court is located or service is made; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; and (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Service generally must be effected ninety days after the complaint is filed, "[b]ut if the

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Additionally, even in the absence of good cause, the Court has broad discretion to extend the time for service under Rule 4(m). *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."); *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984) (noting that the district court should consider a litigant's pro se status and notice of defective service when there is a technical defect in service).

As a pro se litigant that has been granted in forma pauperis status, Plaintiff is entitled to rely on the U.S. Marshals Service to serve the summons and complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) (citing to the same provisions identified in the former statute § 1915(c) and former Rule 4(c)(2)(B)(i)). In other words, "the district court is responsible for effectuating service of process where the plaintiff is proceeding *in forma pauperis*[.]" *Sharkey v. O'Neal*, 778 F.3d 767, 769 n.2 (9th Cir. 2015) (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Davis v. Dep't of Corr.*, 446 F.2d 664, 645 (9th Cir. 1971)). Once Plaintiff provides "the necessary information to help effectuate service, plaintiff should not be penalized for failure to effect service where the U.S. Marshal or court clerk has failed to perform the duties required of each of them[.]" *Puett*, 912 F.2d at 275.

In the instant case, after Plaintiff's motion for leave to proceed in forma pauperis ("IFP") was granted and after Plaintiff filed his FAC, the Clerk of Court issued an amended summons and provided Plaintiff with an "IFP Packet" which included four copies of the summons, five copies of the amended complaint, four copies of the order granting IFP status, and three copies of the U.S. Marshals Service Form USM-285 with instructions to "complete one USM-285 Form for each defendant[.]" ECF No. 6-1. Plaintiff submits that he "returned the four (4) service forms . . . naming each defendant to be served by the U.S. Marshalls[sic] Service," and "that only one (1) was served in error." ECF No. 42 at 2.

According to Defendants, only one copy of the summons and complaint was served upon Sheriff Gore at Ridgehaven Court location of the San Diego Sheriff's Department, as received by Christine Lawyer, an individual authorized to receive service on behalf of Gore. ECF No. 9-2. The single proof of service filed in this case, filled out in part by Plaintiff and returned by the U.S. Marshals Service after effecting service on Gore, lists Gore, Buchanan, and Hayes as defendants in the action, states that three parties must be served in this case, and lists all three Defendants at the same Ridgehaven Court location. ECF No. 8. Plaintiff included in the "special instructions or other information" section that "Sheriff Gore will be at Ridghaven Ct." and that "Buchanan, Hayes current work assignment unknown to Plaintiff. Gore will know." *Id.* In the section of the form reserved for the U.S. Marshals, the proof of service notes that Christine Lawyer was served on November 15, 2021, and the only remarks listed by the U.S. Marshals notes that: "12/6/2021. Copy to Plaintiff/Court." *Id.*

Because Plaintiff submits that he filled out multiple service forms, the Court cannot find that the failure to effect service on Defendants Buchanan and Hayes is due to error by the Plaintiff. However, the Court agrees with the conclusions of the Report and Recommendation that service was not properly effected on Defendants Hayes and Buchanan and that nothing on the U.S. Marshals' proof of service receipt would have indicated to Plaintiff that service was deficient in any way. Under the circumstances, the Court finds that Plaintiff provided the necessary information regarding Defendants Buchanan and Hayes to effectuate service, and that "he should not be penalized by having his or her action dismissed for failure to effect service[.]" *Puett*, 912 F.2d at 275. Therefore, the Court finds good cause to extend the time for service under Rule 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citing *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

Accordingly, the Court **OVERRULES** Defendants' objection regarding the Report and Recommendation's conclusion that Defendants' Motion to Quash should be denied. The Motion to Quash is therefore **DENIED**.

### IV. LEAVE TO AMEND

In sustaining Defendants' second and third objections and granting Defendant Gore's Motion to Dismiss in its entirety, the Court also **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to file an amended complaint, because it is not absolutely clear that amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations omitted). Accordingly, Plaintiff's pending motions to file his proposed second amended complaint [ECF Nos. 28, 45] are **DENIED AS MOOT**.

Plaintiff is admonished that, if he chooses to file a second amended complaint ("SAC") in response to this Order, the SAC must be complete in itself, without reference to Plaintiff's prior complaints, including Plaintiff's original complaint, the FAC, and Plaintiff's pending proposed second amended complaint. Any defendants not named and claims not re-alleged in the SAC will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered waived if not repled).

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

In light of Plaintiff's pro se status, the Court also provides the below guidance so that he has sufficient notice of the deficiencies in his complaint, and "in order to ensure that [Plaintiff] uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carson*, 809 F.2d 1446, 1449 (9th Cir. 1987)).

### A. Pleading Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Under Rules 8 and 10 of the Federal Rules of Civil Procedure, Plaintiff's amended complaint should set out, in numbered paragraphs, a short and plain statement of his claim(s) that "must provide the defendant[s] with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). In other words, to comply with Rule 8, a complaint should clearly identify which defendant(s) are named in which claim(s) and specify—for each claim and each defendant—the factual allegations that support liability for each defendant. While the Court initially accepts a complaint's factual allegations and construes the pleadings in the light most favorable to a plaintiff, *Manzarek*, 519 F.3d at 1031, the same latitude is not extended to conclusory allegations, unwarranted deductions of fact, or unreasonable inferences, *In re Gilead Scis. Litig.*, 536 F.3d at 1055.

Although the complaint may include multiple claims against each defendant, the amended complaint must not alter the nature of the suit by alleging new, unrelated claims. *See* Fed. R. Civ. P. 18(a); 20(a); *Easter v. CDC*, 694 F. Supp. 2d 1177, 1191 (S.D. Cal. 2010). Plaintiff may only allege claims that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) present questions of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2).

### B. Section 1983 Claims Generally

To state a plausible claim under 42 U.S.C. § 1983, the amended complaint must allege a violation of a right protected by the Constitution or created by a federal statute, caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."). Section 1983 suits brought against municipal officers in their individual capacities are suits alleging that a defendant personally participated in the constitutional deprivation while acting under color of state law. *See Pistor v. Garcia*, 791 F.3d 1104, 1112 (9th Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). On the other hand, Section 1983 suits brought against municipal officers in their official capacities are equivalent to suits against the municipal entities. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Graham*, 473 U.S. at 165-66); *see also Monell*, 436 U.S. at 690 ("[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."). Where the complaint does not state whether a § 1983 claim is being brought against a defendant in an individual or official capacity, it is generally presumed that the claims are individual capacity claims. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

To state a claim against Defendants in their individual capacities under § 1983, Plaintiff must allege with specificity: (1) that he possessed and was deprived of a constitutional right; (2) by an individual; (3) who acted under color of state law. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (citation omitted). Plaintiff must allege that each defendant personally participated in the constitutional deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)).

Plaintiff can show that each defendant deprived him of a right by alleging that they committed an "affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he [was] legally required to do that *cause[d]* the deprivation[.]'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson*, 588 F.2d at 743). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* (citations omitted). Vague and conclusory allegations concerning the involvement of official personnel in civil rights actions are

insufficient to state a claim for relief. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation and quotation omitted). Plaintiff can show that a defendant acted under color of law by alleging that there is significant state involvement in the action. *Lopez*, 939 F.2d at 883. For instance, "a private party acts under color of state law if he is a willful participant in joint action with the State or its agents," (the "joint action test"), or "if there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." (the "governmental nexus test") *Id.* (internal citations and quotations omitted).

In § 1983 claims, a defendant can be held liable in virtue of their supervisory role "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Additionally, supervisors can be held individually liable for their own action or inaction for: (1) failure to train, supervise, or control their subordinate(s); (2) acquiescence in the constitutional deprivation; or (3) conduct that showed a reckless or callous indifference to the rights of others. *Id.* at 1208 (citing *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

To state a claim against Defendants in their official capacities under § 1983, Plaintiff must allege that the Sheriff's department or other municipal entity—if one or more of the Defendants are employed by a different municipal agency—has a policy or custom which caused the constitutional deprivation alleged. *Monell*, 436 U.S. at 694. More specifically, Plaintiff's claim should set out the following four elements: (1) that he possessed and was deprived of a constitutional right—specifying the particular right—; (2) that the municipality had a policy—specifying the particular policy—; (3) that the policy amounted

to deliberate indifference of the constitutional right in question; and (4) that the policy is the moving force behind the constitutional violation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

### C.     First Amendment Free Exercise Claim

To state a § 1983 claim that Defendants violated Plaintiff's free exercise religious rights as provided by the First Amendment, Plaintiff must allege, for each Defendant, that: (i) the defendant substantially burdened the practice of his religion; (ii) by preventing plaintiff from engaging in conduct; (iii) which plaintiff sincerely believes is consistent with his religious beliefs. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

To prevail on a free exercise claim, Plaintiff must show that the challenged action is not reasonably related to legitimate penological interests. *Saud*, 36 F.4th at 957. The Court looks to the four factors articulated in *Turner v. Safley*, 482 U.S. 78 (1987), to determine whether a challenged action is reasonably related to legitimate penological interests:

> (1) whether there is a valid, rational connection between a state interest and the prison regulation; (2) whether prisoners have an alternative method of engaging in religious practice; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates; and (4) the absence of ready alternatives to the challenged regulation.

*Walker*, 789 F.3d at 1138-39 (citing *Turner*, 482 U.S. at 89-90).

### D.     Fourteenth Amendment Conditions Claim

Pretrial detainees are protected against jail conditions or restrictions that amount to punishment by the Fourteenth Amendment's Due Process Clause. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). To state a § 1983 claim that Defendants unconstitutionally failed to protect Plaintiff and failed to provide the necessary level of medical care while he was being held as a pretrial detainee, Plaintiff must allege, for each Defendant, that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Claims for violations of the right to adequate medical care are substantially the same as failure-to-protect claims, and other claims alleging inadequate conditions of confinement for pretrial detainees. *Id.* at 1124.

To prevail on such a claim, Plaintiff must show that defendant's failure to take a reasonable available measure to abate the substantial risk of suffering harm was objectively unreasonable and prove that the defendant was more than negligent. *Id.* at 1125 (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

## V.  CONCLUSION

In accordance with the above, the Court hereby:

1. **OVERRULES** Defendants' first and fourth objections to the Report and Recommendation;

2. **SUSTAINS IN PART** Defendants' second objection to the Report and Recommendation;

3. **SUSTAINS** Defendants' third objection to the Report and Recommendation;

4. **MODIFIES** the recommendation to deny dismissal of Plaintiff's religious exercise claims under RLUIPA and the First Amendment;

5. **APPROVES AND ADOPTS** all other recommendations set forth in the Report and Recommendation [ECF No. 35];

6. **GRANTS** Defendant Gore's Motion to Dismiss Plaintiff's FAC [ECF No. 7] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

7. **DISMISSES** Plaintiff's First Amended Complaint with leave to file an amended complaint within **45 days** of this Order;

8. **DENIES** Specially Appearing Defendants' Motion to Quash and Motion to Dismiss [ECF No. 9];

9. **DENIES** Plaintiff's Motion for Summary Judgment [ECF No. 11];

10. **DIRECTS** the Clerk of Court to send Plaintiff a hard copy of this Order, a copy of the Report and Recommendation, and a court-approved civil rights complaint form;

11. **DIRECTS** the Clerk of Court, in the event that Plaintiff timely amends his complaint, to issue a summons as to Plaintiff's Second Amended Complaint upon Defendants Buchanan and Hayes, and to forward it to Plaintiff along with a blank USM-285 form for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his SAC, and copies of the Court's September 7, 2021 order directing service by the U.S. Marshals Service [ECF No. 5] so that he may serve Defendants. Upon receipt of this IFP Packet, Plaintiff must complete a USM-285 form for each Defendant as completely and accurately as possible and return them to the U.S. Marshals Service according to the instructions the Clerk provides in the letter accompanying the IFP Packet; and

12. **ORDERS** the U.S. Marshal, in the event that Plaintiff timely amends his complaint, to serve a copy of the Second Amended Complaint upon Defendants Buchanan and Hayes as directed by Plaintiff on the USM-285 forms provided to him, and <u>to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED**.

Dated: September 15, 2022

_____
Honorable Linda Lopez
United States District Judge