UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE; CAPTAIN BUCHANAN; CAPTAIN HAYES,<br><br>　　　　　　　　　Defendants. | Case No.:  21cv0810-LL (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING DEFENDANT GORE'S MOTION TO DISMISS AND MOTION TO STRIKE IN PART [ECF NO. 53]; AND**<br><br>**(2) GRANTING DEFENDANT BUCHANAN AND DEFENDANT HAYES' MOTION TO DISMISS AND MOTION TO STRIKE IN PART [ECF NO. 63]** |

　　　This Report and Recommendation is submitted to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

　　　Dion Scott Buckelew ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at San Diego Central Jail on several occasions. *See* ECF No. 51.

Now pending before the Court are motions to dismiss and strike portions of Plaintiff's Second Amended Complaint, filed by Sheriff William D. Gore, Captain Buchanan, and Captain Hays'[1] (collectively, "Defendants"). ECF Nos. 53, 63. For the reasons set forth below, the Court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** and Defendants' motions to strike be **GRANTED** and **DENIED** in part.

## I. BACKGROUND

On April 23, 2021, Plaintiff, a prisoner proceeding *pro se* and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Gore and several others. ECF No. 1. The complaint alleged several constitutional rights violations, based on failure to prevent Plaintiff from contracting COVID-19 while incarcerated, denial of religious services, and failure to prevent a physical attack. *Id.* The Court dismissed Plaintiff's complaint for failure to state a claim with leave to file an amended complaint. *See* ECF No. 3.

On July 12, 2021, Plaintiff filed a first amended complaint ("FAC"), which was largely unchanged from his initial complaint, except for the addition of Captain Buchanan ("Defendant Buchanan") and Captain Hays ("Defendant Hays") as Defendants. ECF No 4. Defendant Gore moved to dismiss the FAC, joined by specially appearing Defendants Buchanan and Hays. ECF Nos. 7, 9. The Court granted the motion, but again granted Plaintiff leave to amend his complaint. ECF No. 46. The order stated that the second amended complaint ("SAC") had to be limited to claims arising out of the same transaction, occurrence, or series of occurrences, that presented questions of law or fact common to all defendants, and that it "must not alter the nature of the suit by alleging new unrelated claims." *See* ECF Nos. 46, 55. In other words, Plaintiff was granted leave to amend: (1) the First Amendment free exercise claim (Count 1); and the (2) Fourteenth Amendment conditions claim related to medical care (Count 2). *Id.*

---

[1] Plaintiff erroneously spelled Defendant Hays' last name as "Hayes." The Court will refer to the Defendant as Defendant Hays.

Despite the Court's order, Plaintiff's SAC realleged a previously dismissed claim and added four unrelated claims against twelve new defendants. *See* ECF Nos. 51, 55. The Court struck the surplus claims and dismissed the additional defendants. ECF No. 55 at 2. Therefore, the Court will only consider the remaining claims and Defendants in its analysis of Plaintiff's SAC as follows:

**Count 1:** Free Exercise of Religion, which alleges claims under RLUIPA and Section 1983 for violation of the First Amendment from March 15, 2020, to May 4, 2022. (Listing William D. Gore, Captain Buchanan, and Captain Hays as Defendants). *See* ECF No. 51.

**Count 2:** Deliberate Indifference under the Fourteenth Amendment based on failure to protect Plaintiff from the COVID-19 virus on December 16, 2020. (Listing Captain Buchanan and Captain Hays as Defendants). *See* ECF No. 51.

Plaintiff's two claims are essentially unchanged from his FAC, except for an expansion in the first claim's violation date to include 2022. *See* ECF Nos. 4, 51.

Plaintiff's first claim alleges that Defendants violated his rights to freedom of religion, freedom of association, and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). ECF No. 51 at 10. Specifically, Plaintiff alleges that from March 15, 2020, to May 4, 2022, Defendants denied him access to church services, communion, and pastor/chaplain services. *Id*. Plaintiff alleges that such denials during the COVID-19 pandemic severely burdened his religious beliefs and caused him to suffer mental and physical damage. *Id*. Plaintiff alleges that these denials were all due to policies and procedures implemented and carried out by Defendants. *Id*.

Plaintiff's second claim alleges that Defendants Buchanan and Hays violated his rights to be "free from infectious diseases," from cruel and unusual punishment, and to medical care by implementing and carrying out COVID-19 protocols that resulted in Plaintiff contracting the virus around December 16, 2020. *Id*. at 12. Plaintiff further alleges that he contracted the virus at least two other times while in custody, and that after contracting the virus, he was not given proper and adequate medical treatment. *Id*.

Plaintiff claims that he suffered from various physical ailments because of contracting the virus. *Id.*

## II. MOTIONS TO DISMISS [ECF Nos. 53, 63]

The Court first considers Defendants' motions to dismiss Plaintiff's First and Fourteenth Amendment claims. ECF Nos. 53, 63.

### A. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

Factual allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *pro se* in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

### B.  Claim 1: Access to Religious Services

Plaintiff alleges that Defendants, both in their individual and official capacities, denied him access to religious services, and implemented and carried out procedures and policies in violation of his First Amendment right to freedom of religion under § 1983 and RLUIPA. ECF No. 51 at 10. Specifically, Plaintiff claims he was deprived access to "church services, congregation, seeking counsel, encouragement, direction, worship, prayer," as well as communion and "pastor, prayer, ministry awareness, bible study, direction, hope and love of god . . ." from March 15, 2020, to May 4, 2022. *Id.* The Court first considers Plaintiff's claim under § 1983[2].

#### 1.  § 1983 Claim

42 U.S.C.§ 1983 provides a method by which individuals can sue for violations of their rights, provided by the Constitution or federal statutes, by a person acting under color of state law. *See* 42 U.S.C. § 1983. "[L]ocal government officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Accordingly, local government officials may be sued in their official capacities under § 1983 for an "'action that is alleged to be unconstitutional [which] implements or executes a policy statement, ordinance, regulation, or decision

---

[2] Plaintiff's SAC cites to the First Amendment, via § 1983 and RLUIPA to vindicate his religious exercise claim. Because § 1983 and RLUIPA provide separate causes of action, the Court analyzes them separately.

officially adopted and promulgated by that body's officers.'" *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019) (quoting *Monell*, 436 U.S. at 690). Local government officials may also be sued in their individual or personal capacities under § 1983 where it is alleged "that the official, acting under color of state law, caused the deprivation of a federal right." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (citing *Graham*, 473 U.S. at 166).

"To state a free exercise claim in the prison context: '(1) the claimant's proffered belief must be sincerely held; and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns.'" *Saud*, 36 F.4th at 957 (quoting *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015)). A plaintiff must also allege that some specific government action "substantially burdens" their practice of religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Here, Plaintiff's first claim does not differ from his FAC except for an expansion in the violation date. *See* ECF Nos. 4, 51. Therefore, District Judge Linda Lopez's analysis of Plaintiff's FAC still stands. As the District Judge previously stated, although Plaintiff claims that he participated in activities that can be understood as religious exercise, he has not alleged or explained how his participation in those activities is rooted in a sincerely held religious belief.[3] ECF No. 46 at 8. Nor has Plaintiff alleged that his claim is rooted in religious belief as opposed to a secular philosophical concern. *Id*. at 8-9. (For example, by alleging that his understanding of his religion requires him to participate in those activities.) *Id* at 9. Because the SAC fails to allege both necessary

---

[3] "[C]ourts may not inquire into the truth, validity, or reasonableness of a claimant's religious beliefs," but "[i]t is nonetheless incumbent on the courts to ensure that a free exercise claim is granted only when the threatened belief is religious in nature." *Callahan v. Woods*, 658 F.3d 679, 685 (9th Cir. 1981).

elements of a free exercise claim as explained above, it fails to state a free exercise claim upon which relief may be granted. *Id*.

Furthermore, as Defendants have argued, Plaintiff's SAC includes only vague and conclusory allegations that his religious exercise was burdened "all due to policies implemented and carried out by all Defendants." ECF No. 51 at 10. To the extent that Plaintiff brings his free exercise claim against Defendants in their individual capacities, he has not alleged any specific acts or omissions by the Defendants which contributed to the deprivation of his free exercise rights. ECF No. 46 at 9. To the extent that Plaintiff brings his free exercise claim against Defendants in their official capacities, he has not identified a particular policy or custom, or alleged any underlying facts that would show how such policy or custom caused him to be deprived of religious exercise. *Id*. Even if the SAC had sufficiently stated a free exercise claim, Plaintiff's allegations are insufficient to meet the level of specificity required to state a § 1983 claim. *Id*.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's First Amendment claim under § 1983 be **GRANTED**. Next, analyzing the same set of facts, the Court considers Plaintiff's RLUIPA claim.

### 2. RLUIPA Claim

"RLUIPA protects 'institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion.'" *Saud v. Days*, 36 F.4th 949, 952 (9th Cir. 2022) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005)). To state a claim under RLUIPA, a prisoner needs only to show that: (1) they take part in a religious exercise, and (2) the State's actions have substantially burdened that exercise. *See Id*. at 953. While RLUIPA does not authorize suits for damages in their individual capacities, "if an individual acts under color of state law to burden a plaintiff's rights to religious exercise, the plaintiff can sue the government." *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). "RLUIPA defines 'government' to include a 'person acting under color of State law.'" *Florer v. Congregation Pidon Shevuyim*, N.A., 639 F.3d 916, 921-22 (9th Cir. 2011)

(quoting 42 U.S.C. § 2000cc-5(4)(A)(iii)). Accordingly, injunctive relief is available under RLUIPA so long as the claim is brought against defendants in their official capacities. *Saud*, 36 F.4th at 953 ("[I]njunctive relief, not monetary damages, is available pursuant to RLUIPA, . . . against defendants in their official capacities.") (citing *Sossamon v. Texas*, 563 U.S. 277, 287-88 (2011)).

Here, as the District Judge stated, while Plaintiff's RLUIPA claim should fail to the extent that he brings his claims for damages against Defendants in their individual capacities, Plaintiff's allegations against Defendants in their official capacities meet both elements of the RLUIPA standard articulated in *Saud*. ECF No. 46 at 6. The "exercise of religion" often includes the performance of physical acts such as those identified by the Plaintiff. *Cutter*, 544 U.S. at 720. And "an outright ban on a particular religious exercise is a substantial burden on that religious exercise." *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008).

However, Plaintiff's claim is now rendered moot because he has been transferred to a prison in Lancaster and the parties no longer possess a legally cognizable interest in the outcome. ECF No. 26 at 1; *see Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *Nelson v. Heiss*, 271 F.3d 891, 897 (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). In other words, the only relief available to Plaintiff under RLUIPA was to remove the alleged substantial burden on Plaintiff's religious exercise by Defendants, and Defendants are no longer able to impose or remove any restrictions on Plaintiff's religious exercise. ECF No. 46 at 7.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's RLUIPA claim be **GRANTED**. Next, the Court considers Plaintiff's Fourteenth Amendment Claim.

### C. Claim 2: COVID-19 Policies and Procedures

Plaintiff alleges that Defendant Buchanan and Defendant Hays, both in their individual and official capacities, implemented and carried out procedures and policies that caused Plaintiff to contract COVID-19. ECF No. 51 at 12.

Plaintiff's claim is analyzed under the Fourteenth Amendment because Plaintiff was a pretrial detainee at the time of the allegation. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Pretrial detainees are protected against jail conditions or restrictions that amount to punishment by the Fourteenth Amendment's Due Process Clause. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). To state a § 1983 claim that Defendants unconstitutionally failed to protect Plaintiff and failed to provide the necessary level of medical care while he was being held as a pretrial detainee, Plaintiff must allege, for each Defendant, that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Claims for violations of the right to adequate medical care are substantially the same as failure-to-protect claims, and other claims alleging inadequate conditions of confinement for pretrial detainees. *Id*. at 1124.

To prevail on such a claim, Plaintiff must show that defendant's failure to take a reasonable available measure to abate the substantial risk of suffering harm was objectively unreasonable and prove that the defendant was more than negligent. *Id*. at 1125 (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Since the COVID-19 pandemic, many district courts within the Ninth Circuit have addressed similar claims related to the virus. *See, e.g., Cedillos v. Youngblood*, No. 121CV00138DADBAMPC, 2021 WL 2534534, at *4 (E.D. Cal. June 21, 2021), report

and recommendation adopted, No. 121CV00138DADBAMPC, 2021 WL 3032688 (E.D. Cal. July 19, 2021). Many courts have found that COVID-19 does pose a substantial risk of serious harm. *Id.* (citing *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020)). However, Plaintiff must state more than "generalized allegations that [Defendants] have not done enough to control the spread." *Id.* Rather, Plaintiff must "specifically identify a defendant's challenged conduct, explain how such conduct is unreasonable under the circumstances, and describe how such conduct harmed Plaintiff." *Id.*

For example, "generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19" is not sufficient to state a claim. *McKissick v. Gastelo*, No. 221CV01945VAPMAA, 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021); *see also Cedillos*, 2021 WL 2534534, at *2, *4 (no cognizable claim based on allegations that inmates were not being quarantined, cells and showers were not disinfected after contamination, inmates who tested positive were rotated, living quarters were dirty, and showers have discarded and soiled personal products). In contrast, in *Jones v. Sherman*, the Court found sufficient details to state a claim where plaintiff alleged that he was housed in a facility that turned into a quarantine, causing him to be infected, and he was housed with seven other inmates without any social distancing procedures. No. 121CV01093DADEPGPC, 2022 WL 783452, at *2, 8 (E.D. Cal. Mar. 11, 2022).

Here, Plaintiff's claim does not differ from his FAC. *See* ECF Nos. 4, 51. Therefore, the Court's previous analysis of Plaintiff's FAC still stands. As this Court previously stated, while Plaintiff does list his complaints—including policies that alleged insufficient quarantine time, insufficient hygiene items, insufficient cleaning supplies, and insufficient social distancing—these do not amount to more than generalized allegations that inadequate COVID-19 procedures were followed. ECF No. 35 at 7. Listing more of such generalized allegations, without more specific allegations that explain how Defendants Buchanan and Hays subjected Plaintiff to a substantial risk of

serious harm, does not sufficiently state a claim. *Id*.; *see McKissick*, 2021 WL 2895679, at *5; *Cedillos*, 2021 WL 2534534, at *2, *4.

Moreover, Plaintiff does not explain how each Defendant was specifically responsible for any of the alleged failures, which fails to specify the required causal link between each Defendant's actions and the claimed constitutional violation. ECF No. 35 at 8; *McKissick*, 2021 WL 2895679, at *5. Rather, just like in *McKissick*, Plaintiff clumps the two named defendants together, only generically stating that they did not enforce the policies and procedures he complains about. *Id*.

Accordingly, the Court **RECOMMENDS** that Defendant Buchanan and Defendant Hays' motion to dismiss Plaintiff's Fourteenth Amendment claim be **GRANTED**. Next, the Court considers Defendants' motion to dismiss or strike portions of Plaintiff's SAC.

### III.   MOTIONS TO STRIKE OR DISMISS [ECF Nos. 53, 63]

Defendants' move to strike or dismiss various portions of Plaintiff's SAC, including a miscellaneous letter, state court documents, an injunctive relief request, and a punitive damages request. Defendants argue that pursuant to Federal Rule of Civil Procedure 12(f), the miscellaneous letter and dismissed state court documents should be stricken because they are immaterial to Plaintiff's claims and not part of a pleading. ECF No. 53 at 26-27; and ECF No. 63 at 15-16. They also argue that the injunctive relief request should be dismissed as moot because Plaintiff lacks standing, and his punitive damages request stricken for not being recoverable against Defendants in their official capacity. *Id*. at 26-29; and *Id*. at 16-17.

Generally, when a court grants a motion to dismiss in full and denies leave to amend, as the Court recommends here, courts conclude that remaining motions to strike or dismiss are moot. *See, e.g., Tur v. YouTube, Inc*., 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding that "an issue is moot when deciding it would have no effect within the confines of the case itself"). However, because this is a report and recommendation submitted to the District Judge, the undersigned will consider the motions.

### A. Legal Standards

Under Rule 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters are "those which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (internal quotation marks omitted). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id*. (internal quotation marks omitted). "The court may only strike material from a pleading if it falls within one of these five categories." *Walker v. McCoud Cmty. Servs. Dist.*, No. 2:16-61 WBS CMK, 2016 WL 951635, at *1 (E.D. Cal. Mar. 14, 2016) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973– 74 (9th Cir. 2010)). "In light of *Whittlestone*, courts ... have held that Rule 12(f) cannot be used to strike any portion of a plaintiff's prayer for relief[.]" *Power Probe, Inc. v. Sullivan*, No. SACV 15-1404-JLS (JCGx), 2016 WL 7496865, at *4 (C.D. Cal. June 29, 2016) (quoting *Walker*, 2016 WL 951635, at *1)).

### 1. Miscellaneous Letter

Plaintiff's miscellaneous twelve-page letter is addressed to "Whom it concerns." ECF No. 51 at 14. In the letter, Plaintiff states, "We desperately need legal representation as a class to take action against a truly conspired corruption occurring in San Diego County . . ." *Id*. Plaintiff further states "Please help us make a stand and help our voices be heard. Please help us end this deadly conspired corruption. So many lives are depending on you." *Id*. at 17. Plaintiff then writes his name along with the names of several other inmates and continues with "examples" of his concerns, such as inmate deaths, denial of programs and necessities, insufficient legal resources, improper treatment of homeless and mentally ill inmates, inadequate medical staff and treatment, inadequate hygiene products, lack of hot water, and more. *Id*. at 14-25. Plaintiff also states his grievances about how a state court cases was handled. *Id*. at 20-23. Plaintiff only mentions a Defendant in this current case by name once, when he states at the end,

"My death is inevitable while imprisoned in San Diego Central Jail or any other Facility operated by Sheriff William D. Gore." *Id*. at 25.

Defendants correctly argue that Plaintiff's letter is immaterial to his claims at present. Plaintiff's letter appears to be asking the Court to initiate a class action against the San Diego Central Jail. Although Plaintiff mentions Defendant Gore, it is a generalized comment that is not essential or important to his First Amendment claim against the Defendant. The rest of Plaintiff's letter focuses on his general grievances with the jail and state court, which are also immaterial to his present claims. Accordingly, the Court **RECOMMENDS** that Defendants' motion to strike Plaintiff's miscellaneous letter be **GRANTED.**

### 2. State Court Documents

Plaintiff's SAC also includes several documents from a previously dismissed state court case. ECF No. 51 at 28-45. The documents consist of hearing date notices, a certification of service by mail, minute orders, the complaint, and summons. *Id*.

The state court documents are impertinent to Plaintiff's claims. Plaintiff's dismissed state court case does not pertain to his current claims in federal court, and the documents are not necessary to the issues in question here. Accordingly, the Court **RECOMMENDS** that Defendants' motion to strike Plaintiff's state court documents be **GRANTED**.

### 3. Injunctive Relief

Plaintiff's SAC requests an injunction to prevent Defendants "from denying inmates religious services, medical and mental health, care and treatment, from denying inmates their constitutional rights and/or human and civil rights." ECF No. 51 at 56.

Defendants argue that Plaintiff's request for injunctive relief is moot because he is no longer in Defendants' custody. ECF No. 53 at 27-28; ECF No. 63 at 16-17. The Court agrees. Plaintiff was transferred from San Diego Central Jail to a prison in Lancaster, which means that he is no longer subject to the alleged conduct by Defendants. ECF No. 26 at 1. Furthermore, an inmate's claims for injunctive relief are generally moot upon

transfer to a different institution unless there is a reasonable expectation that Plaintiff will return to Defendants' custody. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.1995) (concluding prisoner's "claim that he might be transferred back to Calipatria sometime in the future [was] 'too speculative' to prevent mootness"). There is no indication here that Plaintiff will be transferred back into Defendants' custody. Accordingly, the Court **RECOMMENDS** that Plaintiff's injunctive relief claim be **DENIED** as moot.

### 4. Punitive Damages

Plaintiff's SAC also requests punitive damages. ECF No. 51 at 56. Pursuant to Rule 12(f), Defendants move to strike the punitive damages request for relief against Defendants in their official capacity on the grounds that punitive damages are not recoverable against public entities. ECF No. 53 at 28-29; ECF No. 63 at 17. Defendants argue that Plaintiff may not recover punitive damages as a matter of law. For this reason, the proper way to challenge the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f). *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010).

"Where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." Id. (citation omitted); *e.g.*, *Crisanto v. County of Tulare*, Civ. No. 115-1527 LJO BAM, 2015 WL 7188165, at *6 (E.D. Cal. Nov. 16, 2015) (construing motion to strike a request for punitive damages as a Rule 12(b)(6) motion to dismiss). Therefore, the Court will consider Defendants' motion to strike as a motion to dismiss for failure to state a claim upon which relief can be granted.

Defendants correctly argue that California Government Code section 818 "bars any award of punitive damages against a public entity." *Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991). However, because the Court finds that

Plaintiff's SAC failed to state a claim, the punitive damages request for relief is moot. Therefore, the Court **RECOMMENDS** that Defendants' motion to strike Plaintiff's punitive damages request be **DENIED** as moot.

## IV. LEAVE TO AMEND

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). This discretion includes the right to deny leave to amend where amendment may prove to be an effort in futility. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore*, 885 F.2d at 538. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Nguyen*, 962 F.3d at 420 (holding that the district court did not err by denying leave to amend "because it was clear that the plaintiff had made her best case and had been found wanting") (internal quotations omitted).

Here, Plaintiff has been granted leave to amend his complaint three times. Yet, one and a half years and three attempts later, Plaintiff has failed to state a claim for relief. Plaintiff's initial complaint, filed on April 23, 2021, was dismissed through screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). Plaintiff's first amended complaint, filed on July 12, 2021, was dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court also finds here that Plaintiff's second amended complaint fails to state a claim pursuant to Rule 12(b)(6). Despite being given multiple opportunities and guidance from the Court, Plaintiff has continuously failed to cure the deficiencies in his complaint. The Court believes that Plaintiff has put his best case forward. If Plaintiff has missing facts that would transform the complaint into a plausible claim for relief, the facts should have

15

21cv0810-LL (NLS)

been included in the previous three complaints. Accordingly, the Court **RECOMMENDS** Plaintiff be **DENIED** leave to amend his complaint.

### V. PLAINTIFF'S MISCELLANEOUS FILING [ECF No. 58]

On November 16, 2022, Plaintiff filed a document that included several requests to the Court. *See* ECF No. 58. The Court considers Plaintiff's requests below.

First, Plaintiff asks the Court to consider a retaliation claim, which was briefly mentioned in his SAC, against several newly named defendants. *Id*. at 1. The Court, however, struck the additional defendants from Plaintiff's SAC, and only permitted Plaintiff to amend the two claims discussed above. *See* ECF No. 55. For this reason, the Court declines to consider the retaliation claim in the present action.

Second, Plaintiff asks the Court for an appointment of counsel. *Id*. at 2. Plaintiff has requested counsel several times before. *See* ECF No. 11, 23, 28. As this Court has previously stated, "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and in forma pauperis proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). However, district courts do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. *Gerber v. Agyeman*, 545 U.S. 1128 (2005).

"A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds that Plaintiff still does not meet the "exceptional circumstances" standard required for appointment of counsel. *See* ECF No. 40. The Court stands by its analysis in its previous order, which stated:

> The Court agrees that appointment of counsel is not warranted at this time. As to the likelihood of success on the merits, the case is just at the pleading stage, with pending motions to dismiss. The assertions in Plaintiff's complaint are his only evidence of merit at this stage of the case. His bald assertions that claims are meritorious without any supporting factual evidence fail to satisfy the first factor of the *Wilborn test. Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims); see *Garcia v. Smith*, No. 10cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).
>
> As to Plaintiff's ability to articulate his claims, a *pro se* civil rights plaintiff does not demonstrate exceptional circumstances to warrant appointing counsel when the plaintiff has a good grasp of basic litigation procedure and has been able to adequately articulate his claims. See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is "no doubt [that] most *pro se* litigants 'find it difficult to articulate [their] claims,' and would be better served with the assistance of counsel*." Garcia v. Cal. Dep't of Corr. & Rehab*., No. 12cv1084-IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013) (quoting *Wilborn*, 789 F.2d at 1331). Here, Plaintiff has filed his own motions and responded to Defendants' motions, and has been able to respond to arguments and cite legal authority. His apparent ability to litigate and advocate for himself absent "exceptional circumstances" does not satisfy the second *Wilborn* factor. *See Cal. Dep't of Corr. & Rehab*., 2013 WL 485756, at *1 (citing Wilborn, 789 F.2d at 1331).
>
> Additionally, while Plaintiff has raised health issues, including his Multiple Sclerosis, PTSD, depression, and anxiety, he has not provided any evidence that these health issues affect his ability to advocate for himself. His pleadings to date indicate that Plaintiff can adequately and coherently present his claims. Without supporting evidence that Plaintiff's mental health hinders his ability to represent himself, this Court cannot find that Plaintiff has an "incapacitating mental disability" that may warrant the

appointment of counsel. See *Meeks v. Nunez*, No. 13cv973-GPC (BGS), 2017 WL 476425, at *7–8 (S.D. Cal. Feb. 6, 2017).

ECF No. 40 at 4-5. Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

Lastly, Plaintiff states in his filing that he ". . . withdrawals from suing the Defendants in their official capacity and only sues Defendants in their individual capacity." *Id*. at 3. The Court declines to consider this amendment to Plaintiff's SAC. Plaintiff has not requested, nor has he been granted leave to make such an amendment. Therefore, the analysis of Plaintiff's claims against Defendants both in their individual and official capacity still stands.

## VI.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendants' motions to dismiss be **GRANTED**, and:

a) Plaintiff's First Amendment Freedom of Association claim be **DISMISSED WITHOUT LEAVE TO AMEND**;

b) Plaintiff's Fourteenth Amendment due process claim be **DISMISSED WITHOUT LEAVE TO AMEND;**

c) Defendants' motion to strike Plaintiff's miscellaneous letter and state court documents be **GRANTED;** and

d) Defendants' motion to strike or dismiss Plaintiff's injunctive relief and punitive damages claim be **DENIED** as moot.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 7, 2023**, any party to this action may file written objections and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **July 21, 2023.**

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  June 16, 2023

*[signature]*

Hon. Nita L. Stormes
United States Magistrate Judge