1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

DION SCOTT BUCKELEW,

12

Plaintiff,

13

v.

14

WILLIAM D. GORE; CAPTAIN
BUCHANAN; CAPTAIN HAYES,

15

Defendants.

16

Case No.: 21cv810-LL-NLS

**ORDER OVERRULING
OBJECTIONS TO REPORT AND
RECOMMENDATION**

**[ECF No. 76]**

17
18
19
20
21
22
23
24
25
26
27

This matter is before the Court on Plaintiff Dion Scott Buckelew's objections [ECF No. 76] to the magistrate judge's report and recommendation ("R&R") [ECF No. 72], which was adopted by the Court on July 10, 2023 [ECF No. 74]. Plaintiff requests that the Court consider his objections as timely filed. ECF No. 76 at 1. Plaintiff's objections are dated on July 18, 2023 and were received by the Court on July 26, 2023. *Id.* Objections to the R&R were due on July 7, 2023. ECF No. 72 at 18. Plaintiff's objections are therefore untimely. *See* Fed. R. Civ. P. 72(b). However, the Court **GRANTS** Plaintiff's request to consider his objections. For the reasons discussed below, Plaintiff's objections to the R&R are **OVERRULED**. ECF No. 76. Accordingly, the Court **AFFIRMS** its order adopting the R&R. ECF No. 74. This case remains closed.

28

## I.    BACKGROUND

Plaintiff originally brought this action on April 23, 2021, bringing claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. § 1983. ECF No. 1. The Court dismissed Plaintiff's initial complaint for failure to state a claim, granting leave to amend. ECF No. 3. Plaintiff then filed a first amended complaint ("FAC") which was substantially similar to his initial complaint. ECF No. 4. Ruling on Defendant William D. Gore's motion to dismiss, which was joined by Defendants Buchanan and Hays,[1] the Court dismissed the FAC with further leave to amend. ECF Nos. 35, 46. Plaintiff then filed a second amended complaint ("SAC") on October 5, 2022 [ECF No. 51], and Defendants filed motions to dismiss the SAC [ECF Nos. 53 (Gore), 63 (Buchanan and Hays)]. The R&R was filed on June 16, 2023, and the parties were given twenty-one days to file written objections to the R&R. ECF No. 72. No objections were filed within that time, and the Court adopted the R&R without modification on July 10, 2023. ECF No. 74.

## II.    LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b) instruct that a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). In the absence of timely objections, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Parties "may serve and file *specific* written objections to the proposed findings and recommendations" by a magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). In the

---

[1] Defendant Hays was erroneously sued as "Captain Hayes." *See* ECF No. 67 at 1.

absence of such specificity, the Court treats a general objection to the entirety of a magistrate judge's R&R as a failure to object. *Alcantara v. McEwen*, No. 12-cv-401, 2013 U.S. Dist. LEXIS 116055, at *3-4 (S.D. Cal. Aug. 14, 2013) (collecting cases).

## III.   OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff objects that the "Court was premature in adopting the R&R," that Plaintiff "never received Defendants' Motions to Dismiss and Strike," and that such circumstances are "unlawful and against [sic] Rules of this honorable court." ECF No. 76 at 1. He further "respectfully request[s] [that] the R&R decision [be] reversed and for Defendants to comply with rules of this court and the law." *Id.* at 2.

Firstly, as explained above, Plaintiff's objection to the R&R was due on July 7, 2023. *See* ECF No. 72. The twenty-one-day objection period provided by the magistrate judge was longer than the response period for objections provided by Rule 72 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(b). Seeing no objections filed as of July 10, 2023, the Court reviewed the R&R for clear error and adopted it in its entirety. ECF No. 74. Because Plaintiff's objections were not written until July 18, 2023, more than ten days after they were due, and no Defendants filed any objections, the Court's order adopting the R&R was not premature. Accordingly, Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff's contention that he never received Defendants' Motions to Dismiss and Strike are controverted by his own opposition filed in response to Defendant Gore's motion to dismiss the SAC and strike portions of the SAC. ECF No. 58 (captioned "Plaintiff's Response to Defendants Notice of Motion and Gore's Motion to Dissmiss[sic] Second Amended Complaint and Strike and Sever Portions Thereof."). Plaintiff's opposition refers to "Defendants citations in their response to Plaintiff's Second Amended Complaint" [*id.* at 1], and apparently responds to Defendant Gore's substantive argument that he may no longer be sued in his official capacity as Sheriff, requesting that the court "not dismiss[sic] any of this complaint for any reason" [*id.* at 3]. Although Plaintiff did not file a response to the motion to dismiss filed by Defendants Buchanan and Hays [ECF No.

63], he does not dispute Defendants' proof of service of that motion [ECF No. 63-2] or argue that he did not receive any other orders or filings directed to him in this case, such as Defendants' notice of lack of opposition to their motion to dismiss [ECF No. 64] or the R&R itself [ECF No. 72]. Plaintiff also continued to engage in this case, while the motions to dismiss were pending, by filing supplemental motions. *See* ECF Nos. 65, 66. In light of the aforementioned, Plaintiff's second objection is **OVERRULED**.

Finally, the Court treats Plaintiff's request for the R&R to be reversed as a general objection. Neither of the objections discussed above address the substance of the findings made by the magistrate judge, and the Court therefore finds that Plaintiff has not made an objection to any specific portion of the R&R. Accordingly, the Court treats this objection as a failure to object, and finds that it need only satisfy itself that the R&R is not clearly erroneous. *See Alcantara*, 2013 U.S. Dist. LEXIS 116055, at \*2 (citing Fed. R. Civ. P. 72). Having reviewed the R&R for clear error and finding none, the Court adopted the R&R in its entirety by previous Order. ECF No. 74.

## IV.   CONCLUSION

Upon review of Plaintiff's untimely objections and having **OVERRULED** those objections, the Court **AFFIRMS** its prior order adopting the R&R. ECF No. 74.

This case shall remain closed.

**IT IS SO ORDERED**.

Dated:  August 8, 2023

_____
Honorable Linda Lopez
United States District Judge

21cv810-LL-NLS